## STATE OF FLORIDA v ATWOOD
### Case No. 87-15905 (Lower Court Case No. 009-561PW)
Thirteenth Judicial Circuit, Hillsborough County
January 29, 1991

### APPEARANCES OF COUNSEL

**Julia Best,** Assistant State Attorney, and **Michael J. Kotler,** Assistant State Attorney, for appellant.

**Michael A. Hanson, Esquire,** for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant/State of Florida appeals the trial court's granting of a Motion in Limine prohibiting the admission at trial of evidence of the

Appellee/Defendant's refusal to submit to a breathalyzer test. The appeal was originally assigned to Division C but later transferred by Administrative Order to Division X. The Appellate Court, Division X, ordered the record supplemented with a transcript of the petition hearing on the license suspension for failure to submit to a chemical test. Appellant's brief, Appellee's brief and Appellant's reply brief were read and considered.

The Defendant was arrested and charged with the crime of Driving Under the Influence of Alcoholic Beverages. The arresting officer incorrectly informed the Defendant that if she refused to submit to a breathalyzer test her license could be suspended for three months if this was her first refusal and six months if her driving privileges had been previously suspended as a result of a refusal to submit to such a test. The correct period of time was one year for a first refusal and eighteen months for a second refusal. At the petition hearing on the suspension of the driving privileges for a refusal to take the breathalyzer test, the trial court granted the petition, refusing to suspend the Defendant's driving privileges because she had been informed incorrectly as to the suspension periods.

Prior to trial the Defendant moved to limine out evidence of her refusal to take the breathalyzer test. The trial court granted the Motion in Limine and prohibited the state from introducing at trial evidence of the refusal evidently based on the result of the petition hearing, although neither the transcript nor the trial court's order clearly state the reasons for the granting of the motion.

The issue on appeal is whether a refusal to submit to a breath test is admissible at trial when the Defendant had been incorrectly informed of the consequences of such refusal. The Supreme Court in *South Dakota v Neville*, 459 U.S. 533, 103 S.Ct. 916 (1983) held that warning a Defendant that he could lose his license if he refused to submit to a blood alcohol test made it clear that refusing the test was not a "safe harbor" free of adverse consequences and that Defendant's refusal could be used as evidence against him at trial even when the police failed to warn him that the refusal could be used against him at trial. Evidence of a defendant's behavior is admissible if Defendant had substantial motivation not to behave as he did. *Herring v State*, 501 So.2d 19 (Fla. App. 3 Dist. 1986). In the instant case the Defendant was told a refusal to submit to the breath test was admissible in "any criminal or civil proceeding" and that her driving privileges would be suspended if she refused. She had substantial motivation not to refuse even though the officer incorrectly informed her of the length of suspensions. She was *not* lead to believe that refusing was a "safe

**17**

harbor". The refusal was probative evidence of the Defendant's guilt and its introduction should not have been prohibited by the trial court.

By prohibiting the introduction of the refusal into evidence, the trial court exceeded its authority and imposed a sanction which infringes upon the legislature's right to establish penalty provisions for non compliance with substantive law. The trial court's order granting the Motion in Limine is hereby stricken and the case remanded to the trial court for further proceedings in accordance with this opinion.

DONE and ORDERED in Hillsborough County, Florida this 29th day of January, 1991.